**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bartlett Elliot, ) | No. CV 08-8041-PHX-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Don E. Potter, Postmaster General, ) | |
| Defendant. ) | |

Pending before the Court is Defendant John E. Potter's[1] Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. # 5) The Court has considered the pleadings of the parties as well as the applicable law and now enters its ruling.

**I. BACKGROUND**

Plaintiff Bartlett Elliot originally filed this action in the Kingman, Arizona, Justice Court on February 19, 2008. (Doc. # 1, Ex. A, p.5) In his Complaint, Plaintiff alleges that he is suing Defendant Postmaster General John E. Potter for failing "to produce numerous pieces of 1st Class mail" in a timely manner at post offices in Bellingham, Washington, Albuquerque, New Mexico, and Kingman, Arizona. Plaintiff contends that this missing mail

---

[1] The Defendant has been improperly named "Don" E. Potter.

contains Social Security checks, business checks, and other important items. Plaintiff seeks $10,000 in damages for "mental anguish, anxiety and despair."

Defendant removed this action to the District Court on April 10, 2008. (Doc. # 1) Thereafter, Defendant moved to dismiss the case for lack of subject matter jurisdiction. Plaintiff filed a pleading entitled "Plaintiff's Motion to Dismiss," which the Court will construe as a Response. (Doc. # 7) Defendants thereafter filed a Reply. (Doc. # 8)

## II.  LEGAL STANDARDS

Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) attacks the sufficiency of the allegations of Plaintiff's Complaint. Defendant claims that Plaintiff's Complaint is deficient on its face. In resolving a facial attack, the district court accepts the allegations of the pleading as true and construes them in the light most favorable to the claimant. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Dismissal is improper unless "it appears beyond doubt that the claimant can prove no set of facts supporting his claim that would entitle him to relief." Id. (quoting Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. 1986)).

The Court must liberally construe pleadings submitted by a pro se claimant, affording the claimant the benefit of any doubt. Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Such liberal interpretation, however, "may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## III.  THE FEDERAL TORT CLAIMS ACT

The United States is immune from suit unless it has expressly waived its immunity and consented to be sued. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). This immunity applies to agencies of the United States. Balser v. Dep't of Justice, 327 F.3d 903, 907 (9th Cir. 2003), cert. denied, 124 S. Ct. 2159 (2004). Actions arising out of a negligent or wrongful act or omission of an employee of the federal government while acting within the scope of his or her office or employment must be must be brought pursuant to the Federal Tort Claims Act ("FTCA"). The United States is the only proper federal defendant in an

1  action under the FTCA and there is no jurisdiction as to individual federal employees. 28
2  U.S.C. §§ 1346(b)(1) and 2679(a); Davis v. United States, 667 F.2d 822, 825 (9th Cir. 1982).
3  Here, Plaintiff claims that his mail was not timely delivered by the Postal Service. Under the
4  Postal Reorganization Act, 39 U.S.C. § 101 et seq., the FTCA specifically applies to tort
5  claims "arising out of the activities of the Postal Service." 39 U.S.C. § 409(c). In addition,
6  the timely submission of an administrative claim to the appropriate federal agency is a
7  jurisdictional prerequisite to an action under the FTCA. 28 U.S.C. § 2675(a); Landreth By
8  And Through Ore. v. United States, 850 F.2d 532, 533 (9th Cir. 1988).

9  **IV.   DISCUSSION**

10  In his Response, Plaintiff states that "it is now almost five (5) months and still no
11  mail." Plaintiff claims that subject matter jurisdiction does exist and that he has envelopes
12  cancelled by the Postal Service "with yellow address changes adhered on the face[s]" as
13  evidence. Plaintiff claims that he is entitled to damages based upon the untimely delivery
14  of his mail. The Court, however, lacks subject matter jurisdiction to address this claim
15  because 28 U.S.C. § 2680(b) specifically excludes from the FTCA "[a]ny claim arising out
16  of the loss, miscarriage, or negligent transmission of letters or postal matter." See Sportique
17  Fashions, Inc. v. Sullivan, 597 F.2d 664, 665 (9th Cir. 1979). In Dolan v. Postal Service, 546
18  U.S. 481 (2006), the Supreme Court determined that the terms "loss" and "miscarriage"
19  contained in 28 U.S.C. § 2680(b) both addressed "failings in the postal obligation to deliver
20  mail in a timely manner to the right address," and the Court concluded that "negligent
21  transmission" must be similarly interpreted. Id. at 486-89. Thus Plaintiff's tort claim arising
22  from the allegedly untimely delivery of his mail is barred under the FTCA. Accordingly,
23  although Plaintiff's frustration at the failure to have his mail delivered in a timely manner is
24  understandable, the resolution and redress of the problem does not lie in a suit under the
25  FTCA.
26  ///
27
28

## V.   CONCLUSION

Based on the foregoing,

**IT IS ORDERED** granting Defendant's Motion to Dismiss.  (Doc. # 5)

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 25th day of March, 2009.

_____
Mary H. Murgula
United States District Judge